# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**KENNETH HAROLD HOGAN,**

    Petitioner,

v.                                            **CIVIL ACTION NO. 3:13-CV-86**
                                                  **CRIMINAL ACTION NO. 3:12-CR-35**
                                                  **(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

    Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge John S. Kaull. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Kaull for submission of a proposed report and recommendation. On July 23, 2014, Magistrate Judge Kaull entered his report and recommendation [Criminal Action No. 3:12-CR-35, Doc. 55]. In that filing, he recommended that this Court dismiss and deny Petitioner's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and deny Petitioner's motion to convert his § 2255 petition to a writ of coram nobis.

1

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Kaull's report and recommendation were due within fourteen days after being served with a copy of the report and recommendation pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner was served with the report and recommendation on July 28, 2014. On August 12, 2014, Petitioner filed his objections.

## II. Discussion

Petitioner files several objections to the report and recommendation. First, Petitioner objects that his years of education and his age are irrelevant to the Court's analysis. Second, Petitioner asserts his attorney rendered ineffective assistance.

### A. Consideration of Petitioner's Education and Age

Petitioner first argues that his education and age is irrelevant. However, the United States Court of Appeals for the Fourth Circuit has held that to determine whether

a waiver of appellate rights or the right to collaterally attack a conviction and sentence is knowing and intelligent, the court must look "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted). Therefore, the magistrate judge properly evaluated Petitioner's education and age in determining whether his waver of appellate rights and right to collaterally attack his sentence and conviction was proper, and Petitioner's objection is **OVERRULED**.

### B. Ineffective Assistance of Counsel

Petitioner argues he received ineffective assistance of counsel due to his counsel's failure to file for discovery. Petitioner also states his attorney failed to adequately represent him by moving to continue his trial three times without his consent. Petitioner does not specifically object to a finding or holding by Magistrate Judge Kaull. Rather, Petitioner reiterates his initial claims.

#### 1. Waiver of Right to Collaterally Attack Sentence and Conviction

The United States Supreme Court has recognized that "the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered, they can benefit all concerned." Blackledge v. Allison, 431 U.S. 63, 71 (1977). However, the Court has also noted that the advantages of plea bargains "can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality." Id. To achieve finality, the United States often secures waivers of appellate rights and rights to collaterally attack the conviction and sentence.

The Fourth Circuit Court of Appeals upholds a waiver of appellate rights and a waiver of rights to collaterally attack a defendant's conviction and sentence "so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (2005).

In this case, Petitioner entered into a plea agreement with the United States wherein he waived his right to appeal the sentence and his right to challenge his sentence or the manner in which it was determined in any collateral attack. Petitioner now challenges his counsel's conduct prior to and during the plea negotiation phases of this case. In reviewing Petitioner's plea agreement and Petitioner's admissions and statements at the Rule 11 plea colloquy, Magistrate Judge Kaull found that Petitioner knowingly and voluntarily entered into his guilty plea and knowingly and intelligently waived his right to collaterally attack his sentence as part of his plea agreement. Petitioner did not object to Magistrate Judge Kaull's factual findings or legal conclusion. Therefore, reviewing for clear error, this Court finds that Petitioner knowingly and voluntarily entered into his guilty plea and knowingly and intelligently waived his right to collaterally attack his sentence.

Magistrate Judge Kaull found that Petitioner's claims fall within the scope of a collateral attack because they assert ineffective assistance of counsel for conduct occurring before the entry of Petitioner's guilty plea, and Petitioner did not object to this portion of the report and recommendation. Any claims of ineffective assistance of counsel concerning constitutional or statutory violations that "occurred prior to [a defendant's] guilty plea and is unrelated to it" are foreclosed from review if a defendant waived his right to collaterally attack his sentence. Fields v. Atty Gen. of State of Md.,

4

956 F.2d 1290, 1296 (4th Cir. 1992) (citing Tollett v. Henderson, 411 U.S. 258 (1973)); see also Braxton v. United States, 358 F. Supp. 2d 497, 502 (W.D. Va. 2005) (holding that a § 2255 waiver applies to motions "containing an ineffective assistance claim, so long as the ineffective assistance claim does not bear on the validity of the plea or the waiver itself"). In this case, Petitioner's ineffective assistance of counsel claims occurred prior to entering into his guilty plea. Petitioner's claims do not bear on the validity of his plea or the waiver contained therein as his plea was entered knowingly and voluntarily, and he acknowledged on the record at the Rule 11 hearing that his counsel had adequately represented him. Accordingly, Petitioner has waived his right to collaterally attack his sentence based on ineffective assistance of counsel prior to and during the plea negotiations and the resulting Rule 11 plea hearing.

### 2.  Ineffective Assistance Related to Guilty Plea

However, even if Petitioner did not waive his right to collaterally attack his sentence, Petitioner's ineffective assistance claims also fail on the merits.

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel during their criminal proceedings, including the plea negotiation process. Strickland v. Washington, 466 U.S. 668, 686 (1984). However, defects in counsel's assistance that "have no probable effect upon the trial's outcome do not establish a constitutional violation." Mickens v. Taylor, 535 U.S. 162, 166 (2001). The United States Supreme Court adopted a two-prong test for determining whether a defendant received ineffective assistance of counsel. A defendant must show the following two requirements: (1) that counsel's representation fell below an objective

5

standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 687-91.

A defendant who alleges ineffective assistance of counsel after entering into a guilty plea has a high burden to meet. Hill v. Lockhart, 474 U.S. 52, 53 (1985). Although in the context of a guilty plea the "performance" prong of Strickland is the same, to establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 58-59.

### a. Failure to Conduct Pretrial Investigation

Petitioner alleges that his counsel failed to file for discovery, obtain railroad disability records, or depose witnesses. Defense counsel has a duty to make reasonable investigations or "to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 690-91. To be successful on this claim, a defendant must explain what additional evidence would have been obtained from the additional interviews or meetings. Burger v. Kemp, 483 U.S. 776, 794 (1987) (citation omitted). Additionally, if counsel thoroughly reviews the facts and law, counsel's investigatory decisions are "virtually unchallengeable." Strickland, 466 U.S. at 690.

In this case, Petitioner fails to identify what physical or testimonial evidence his attorney could have uncovered that would have been helpful to the defense or would have induced him not to plead guilty. Therefore, this Court does not find that Petitioner's

6

counsel rendered ineffective assistance, and Petitioner's objection is **OVERRULED**.

### b. Continuances

Petitioner also challenges that his attorney rendered ineffective assistance of counsel by "postpon[ing] [his] trial 3 (Three) times without [his] consent . . . ."

Statements made during a Rule 11 hearing to accept a guilty plea are presumed to be true and subsequent attacks that contradict these statements may generally be dismissed as frivolous. Lemaster, 403 F.3d at 221-22. At the time of taking the plea, Petitioner would have been aware of any continuances of his previous trial date. However, at Petitioner's Rule 11 hearing, he affirmatively stated on the record that his attorney had adequately represented him in this matter and Petitioner did not feel that there is anything additional his attorney should have done or anything improper his attorney did regarding his representation. Tr. p. 27, lns. 5-11.

"[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradicts the sworn statements." Lemaster, 403 F.3d at 221-22. Petitioner's allegation that counsel was ineffective due to three continuances of his previous trial date is directly in conflict with the statements he provided at his Rule 11 colloquy. Therefore, this Court finds that Petitioner's counsel did not render ineffective assistance and Petitioner's objection is **OVERRULED**.

### III. Conclusion

In reviewing the remainder of the report and recommendation, it is the opinion of this Court that Magistrate Judge Kaull did not clearly err and that the report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, it is ordered that Petitioner's § 2255 petition be **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: August 27, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE